## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOE HAND PRODUCTIONS, INC., as :
Broadcast Licensee fo the October 4, :
2003 Holyfield/Toney Program, :
                                  :
              Plaintiff,          :
                                  :        CIVIL ACTION NO.
       v.                         :        1:06-CV-1180-JOF
                                  :
BETZAIDA LEON, et al.,            :
                                  :
              Defendants.         :

## OPINION AND ORDER

This matter is before the court on Plaintiff Joe Hand Promotions, Inc.'s motion for

default judgment as to Defendants, El Sureno Mexican Grill, Inc., d/b/a El Sureno Mexican

Grill and Alejandro Beltran, individually, and as an officer, director, shareholder, and/or

principal of El Sureno Mexican Grill, Inc., d/b/a El Sureno Mexican Grill [12].

I.     **Background**

       A.     **Facts**

       This dispute arises out of Defendants' exhibition of the Holyfield/Toney boxing

match ("the fight") at El Sureno Mexican Grill on October 4, 2003, without authorization

by Plaintiff.  The fight was broadcast via satellite uplink and was re-transmitted to cable

systems and satellite companies via satellite signal.  Joe Hand Promotions, Inc. ("JHP"),

purchased the right to distribute the fight via closed circuit television and encrypted satellite signal. JHP then sold the right to receive an unscrambled satellite signal and to thus view the fight to various entities in the state of Georgia, who subsequently exhibited the fight to their patrons. Defendants did not purchase the right to view the fight from Plaintiff. Rather, Defendants used a device to intercept Plaintiff's broadcast.

Such piracy is a substantial concern for companies like Plaintiff. As a result, Plaintiff hired auditors to visit various bars and restaurants on the night of October 4, 2003, to determine whether these institutions were illegally intercepting and publicly displaying the fight without authorization from or payment to Plaintiff and its affiliates. Auditor, Lyn Craig, entered El Sureno Mexican Grill without a cover charge and saw two television sets exhibiting a portion of the fight to approximately five individuals.

**B.    Procedural History**

Plaintiff filed the instant action on May 16, 2006, alleging that Betzaida Leon, Fernando Avina, Duy Nguyen and Defendants willfully violated the Communications Act of 1934, as amended, 47 U.S.C. § 605 (1996), and requesting the Court to grant Plaintiff injunctive relief, damages pursuant to section 605(e)(3)(C)(i) and (ii), costs, interest, and attorney's fees. On June, 29, 2006, Defendant, Duy Nguyen, answered and filed a cross-claim against his co-defendants for contribution. On July 18, 2006, Plaintiff stipulated to the dismissal of Duy Nguyen. Service was executed upon Alejandro Beltran and El Sureno

2

Mexican Grill, Inc., on August 28, 2006. It does not appear that service was ever executed upon Betzaida Leon or Fernando Avino, and Plaintiff does not name them as Defendants in its motion for default judgment. On January 26, 2007, the clerk entered default against Alejandro Beltran and El Sureno Mexican Grill, Inc. Plaintiff filed the instant motion for default judgment on June 27, 2007. Plaintiff requested litigation expenses as well as statutory damages. Defendants have not responded.

## II.    Discussion

Defendants defaulted when they failed to respond to Plaintiff's complaint within twenty days or request an extension as required by Fed. R. Civ. P. 12(a). Thus, the court will deem Defendants to have admitted Plaintiff's "well pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976). A default is not synonymous with a default judgment, however, and the court may only grant default judgment on Plaintiff's claims that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). Therefore, the court must determine whether Plaintiff's allegations, as plead in its complaint and its motion for default judgment, establish Defendants' liability under the Communications Act and the amount of damages to which Plaintiff is entitled.

Section 605(a) of the Communications Act is designed specifically to prohibit the unauthorized interception and broadcasting of radio and wire communications. By their

AO 72A
(Rev.8/82)

default, Defendants have admitted that they improperly intercepted the fight and that they broadcast it to patrons at El Sureno Mexican Grill. Thus, this court finds that Plaintiff has sufficiently pleaded its case so as to establish Defendants' liability under section 605(a). However, the question of appropriate damages remains.

The court may not enter a judgment by default without conducting a hearing unless the amount is a liquidated sum or one capable of mathematical calculation. Fed. R. Civ. P. 55(b); *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). An amount is not a sum certain simply because a party has requested it in a motion for default judgment; the moving party must also establish that the amount is reasonable under the circumstances. *Patray*, 931 F. Supp. at 869.

Here, the Communications Act specifies that "[a]ny person aggrieved by any violation of subsection [605(a)] may bring a civil action in a United States district court or in any other court of competent jurisdiction" and that the court may grant injunctive relief, award damages, and direct the recovery of full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(A) and (B). The aggrieved party may then elect to recover actual damages or statutory damages. *Id.*, § 605(e)(3)(C). The statute authorizes statutory damages of not less than $1000 nor more than $10,000 for each violation and allows the court to increase the award of damages up to $100,000 if it finds that the violation was

4

committed "willfully and for the purposes of direct or indirect commercial advantage or private financial gain." *Id.* Here, Plaintiff has requested the maximum statutory damages of $10,000 and a substantial enhancement up to $100,000 for willfulness. Plaintiff has based its allegations of willfulness on the notion that "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems," (Mot. for DJ, at 8) (quoting *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485 (S.D.N.Y. 1999)), and on holdings such as the one in *Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp. 2d 769, 2002 U.S. Dist. LEXIS 16247 (S.D. Tex. 2002), which stated:

> Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held conduct such as that of [defendant] in this case to be willful and for the purposes of direct or indirect commercial advantage or private financial gain.

The court is well aware, as Plaintiff points out, that the purpose of the statute at issue is deterrence and that violations, like that of Defendant, though small on their own, are part of a larger piracy problem. However, the court also takes notice of the fact that the statute has provided a range for statutory violations, which indicates that not every violation was intended to rise to the level of a $10,000 punishment. Taking into account the size of the business in question (capacity of fifty patrons), the number of patrons observing the fight (five), and the likely minimal additional financial benefit received by Defendants as a result

of their conduct, the court will exercise its discretion and award $3,000 in statutory damages. The court is persuaded, however, by Plaintiff's arguments regarding willfulness and finds Defendants' conduct to be willful. As such, the court will enhance Plaintiff's damages by $7,000 for a total award of $10,000. Defendants are to be jointly and severally liable for such damages.

Plaintiff has also requested attorney's fees and costs. This court requires all motions for attorney's fees to comply with *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999). Plaintiff submitted a detailed affidavit in which Plaintiff's counsel broke down Plaintiff's total litigation expenses of $1,231.25 into filing fees ($350.00), service of process ($200.00), and attorney's fees ($681.25). Plaintiff also submitted two invoices from third parties indicating the cost of service of process. This documentation is sufficient to justify Plaintiff's request. Based upon Plaintiff's pleadings, the court is unclear as to whether Plaintiff is requesting the entire $1,231.25 in litigation costs or merely the $681.25 attributed to attorney's fees. Regardless, the statute authorizes Plaintiff to recover the costs, so the court will exercise its discretion and award Plaintiff the entire $1,231.25.

**III.     Conclusion**

Plaintiff's motion for default judgment [12] is GRANTED.  The court DIRECTS the Clerk of Court to enter JUDGMENT against Defendants, jointly and severally, in the amount of $11,231.25.


**IT IS SO ORDERED** this 31st day of October 2007.


_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)